[Cite as *Perri v. Sutphen Corp.*, 2014-Ohio-2795.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael G. Perri, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 14AP-91 |
| | | (C.P.C. No. 13CVH-01-758) |
| The Sutphen Corporation, | : | |
| Defendant-Appellee. | : | (REGULAR CALENDAR) |

---

# D E C I S I O N

### Rendered on June 26, 2014

---

*William J. O'Malley*, for appellant.

*Dinsmore & Shohl, LLP, Jan E. Hensel* and *Anjali P. Chavan*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Michael G. Perri, is appealing from the summary judgment granted in his lawsuit against his former employer, the Sutphen Corporation. He assigns two errors for our consideration:

> 1. The Trial Court erred in when it determined that no reasonable factfinder could find that Plaintiff established all of the elements of a prima facie case of workers compensation retaliation.

> 2. The Trial Court erred in when it determined that no reasonable factfinder could find that Defendant's proffered reason for discharge was pretext for retaliation.

{¶ 2} Perri worked for the Sutphen Corporation for over eight years as an electrician. During that time, he suffered several injuries and had several workers'

compensation claims which were recognized. His last claim was for damage to his hearing caused by the noise level at the workplace, including the noise level of a radio or radios that were played.

{¶ 3} On his last full day of work, Perri got into a disagreement with a co-worker, Beekman. Beekman insisted on playing a radio at full volume near where Perri was working. When Perri turned the radio down, Beekman got angry and approached Perri. Beekman was yelling at Perri and got his face an inch away from Perri's face. Spit was coming from Beekman's mouth and hitting Perri, some even landing in Perri's mouth.

{¶ 4} Perri raised his hands to move Beekman away from him. Perri later doubted that he actually pushed Beekman, although Beekman alleged a mild push occurred.

{¶ 5} The plant manager later gave Beekman a verbal reprimand. Perri was fired. The disparity in discipline is significant. The person who initiated the confrontation, approached to an inch away, yelled and spat at his co-worker, got a verbal reprimand, which, under the Union contract with Sutphen Corporation, is not considered formal discipline.

{¶ 6} The man with damaged hearing who turned down the radio and then was yelled at and spit upon was fired for doing no more than protecting himself from an aggressive co-worker.

{¶ 7} The facts of the situation strongly imply that something else was coming into play and that Perri was fired for another reason or other reasons. Perri alleged that he was fired because of his numerous workers' compensation claims, which cost the Sutphen Corporation worker time and therefore cost the company money. Hence he filed his lawsuit.

{¶ 8} Addressing the assignments of error together, the firing strongly suggests that Perri was fired for some reason other than resisting the verbal assault from a co-worker, especially a co-worker who was spitting on him. The problem is that the other reason or reasons could have been something other than retaliation for pursuing workers' compensation claims. Perri had the burden of producing facts which narrowed the reason for his firing to retaliation for his workers' compensation activity.

{¶ 9}   Perri had a history of not getting along with his co-workers.  He had made disparaging remarks about African-Americans.  He had had repeated disagreements with co-workers about the playing of the radio.  Perri presented a source of dissension on the factory floor.  The plant manager decided to fire Perri as the means to solve the personnel problems which centered around Perri.  Whether the firing was based upon just cause was not the issue in the lawsuit.  The issue was an allegation that Perri was fired because Perri had pursued his rights under the Ohio Workers' Compensation System.

{¶ 10} Essentially, the trial court found that Perri did not demonstrate the key issue in his lawsuit, namely that Perri was fired because he had earlier pursued workers' compensation claims.  We agree.

{¶ 11} The assignments of error are overruled.  The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and O'GRADY, J., concur.

_____